1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIRGIL POPESCU,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF SAN DIEGO, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 15-cv-01657-BAS(JLB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 5]** |

**I.    INTRODUCTION**

The Plaintiff, Virgil Popescu, filed his Complaint, pursuant to 42 U.S.C. § 1983, ostensibly for false arrest, emotional distress, retaliation, illegal seizure, malicious prosecution, fabrication of evidence, false witnesses, false imprisonment, theft of property, and "refusal to arrest criminal who injured Plaintiff" against the City of San Diego; the San Diego Police Department; San Diego Police Chief William Lansdowne; Mayor Jerry Sanders; Acting Mayor Todd Gloria; City Attorney Mike Aguirre; City Attorney Jan Goldsmith; San Diego Police Officers Hunter, Lynch, Biggler, Dodd, Keefe, and Fish; San Diego Police Sergeants Saenz,

Durina, Benavides, Casillas, Barnes, Nislett, Hastings, and Novac; San Diego Police Detectives Vile and Hudgins; and Parking Enforcement Officer Robert Pagan. (Complaint, ECF No. 1.)

Defendants filed a Motion to Dismiss the Complaint. (ECF No. 5.) Plaintiff opposed, and Defendants responded to this Opposition. (ECF Nos. 6, 7.) The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons stated below, this Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss the Complaint.

## II.   STATEMENT OF FACTS

### A.   Background

Virgil Popescu's problems began in 2006, when he received parking tickets from Parking Enforcement Officer Pagan. In a federal lawsuit, filed in 2006, Popescu claimed that he was targeted by Pagan because of religious bumper stickers. (*See Popescu v. City of San Diego*, No. 3:06-cv-01577-WMC (S.D. Cal.)) In that lawsuit, Popescu alleged that Officer Pagan targeted him because the officer was, in fact, a "pagan" whose last name indicated he did not believe in God. (Complaint, *Popescu v. City of San Diego*, No. 3:06-cv-01577-WMC (S.D. Cal. Aug. 8, 2006), ECF No. 1.)[1]

Following a bench trial, the Court ruled, "Plaintiff failed to meet his burden of proving that Officer Pagan violated his constitutional rights by issuing one or more parking violations in a discriminatory manner based on Plaintiff's political or religious beliefs." (Judgment in a Civil Case, *Popescu v. City of San Diego*, No. 3:06-cv-01577-WMC (S.D. Cal. Dec. 8, 2011), ECF No. 115.)

---

[1] Although "[j]udicial notice of court records is routinely accepted," the Court will only take judicial notice of the fact that these documents with these allegations were filed in earlier cases, not for the truth of the matter asserted therein. *See Rowland v. Paris Las Vegas*, No. 13-cv-2630-GPC-DHB, 2014 WL 769393, at *3 (S.D. Cal. Feb. 25, 2014).

In 2007, Popescu was arrested and convicted by a jury of stalking Parking Enforcement Officer Pagan, a conviction Popescu claims has since been overturned by the Appellate Court.  (Complaint ¶ 14, ECF No. 1.)  In 2010, Popescu filed a lawsuit against the City of San Diego; the San Diego Police Department; Mayor Sanders; Police Chief Lansdowne; City Attorney Aguirre; Detectives Vile and Hudgins; Sergeants Salenz, Durina, Benavides, Hastings, Nislett, and Novak; Police Officer Hunter; Parking Enforcement Officer Pagan, his wife, and daughter; and Postal Inspector Antonio Villareal.  (*Popescu v. City of San Diego*, No. 3:10-cv-00220-BEN-AJB (S.D. Cal.).)  In that lawsuit, Popescu claimed two 2007 arrests, including the one for stalking Pagan, were in retaliation for the complaints he filed against Pagan.  (Complaint, *Popescu v. City of San Diego*, No. 3:10-cv-00220-BEN-AJB (S.D. Cal. Jan. 28, 2010), ECF No. 1.)  Additionally, Popescu alleged he complained to Mayor Sanders, Police Chief Lansdowne, and City Attorney Aguirre, but they did nothing.  (*Id.*)  Finally, Popescu alleged that Detectives Vile and Hudgins stole $10,000 cash from him when they executed the search warrant incident to the arrest in 2007.  (*Id.*)  The Court dismissed the 2010 complaint for failure to state a claim.  (Order, *Popescu v. City of San Diego*, No. 3:10-cv-00220-BEN-AJB (S.D. Cal. Feb. 19, 2010), ECF No. 3.)

### B.   The Complaint in this Case

On July 24, 2015, Popescu filed this lawsuit.  (Complaint, ECF No. 1.)  In this lawsuit, Popescu alleges six counts for violation of his civil rights.  Counts One and Two allege false arrest, false imprisonment, retaliation, theft, and fabrication of evidence all based on the same two 2007 arrests, one allegedly occurring on June 6, 2007, and one on September 17, 2007.  Interestingly, the amount of money stolen during the search warrant seems to have increased in the ensuing years, and Popescu now alleges that during execution of the search warrant Detective Hudgins stole $15,000 in cash from his house.  (Complaint ¶ 50.)

In Count Three, Popescu alleges that on July 26, 2014, he was pushed and assaulted by Roslyn Fleming and her step-father John Kennedy. (Complaint ¶¶ 18, 56.) When he reported this assault to the police, he claims, Officers Lynch and Biggler refused to arrest either Kennedy or Fleming. (Complaint ¶ 58.)

In Count Four, Popescu claims that on September 10, 2013, he was again illegally arrested, this time by Officers Keefe and Fish, who also illegally searched his residence. (Complaint ¶¶ 65, 66.) According to the Complaint, Popescu was subject to a permanent restraining order obtained by Fleming and Kennedy, but he claims he did not violate the restraining order, and thus the Officers arrested him without probable cause. (Complaint ¶¶ 19, 64.) When Plaintiff demanded to speak to a supervisor, Sergeant Barnes spoke to him and participated in the illegal arrest and search. (Complaint ¶ 66.)

In Count Five, Popescu alleges that a friend of his was illegally detained on February 14, 2015, when officers asked him about Virgil Popescu. (Complaint ¶¶ 76). And in Count Six, Popescu alleges he was illegally stopped and falsely accused of making an illegal right turn on December 30, 2014. (Complaint ¶¶ 21, 78.) During this stop, Popescu claims two police officers came on both sides of his car and stared at him "with their hands near the guns, ready to draw and shoot." (Complaint ¶ 78.) Instead, however, the officers just gave him a ticket. (Complaint ¶ 78.)

### III. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations,

rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombley,* 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original).  A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678.  Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the…laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

As a general rule, a court freely grants leave to amend a complaint which has been dismissed.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

IV.  **LEGAL ANALYSIS**

As a preliminary matter, Plaintiff makes no factual allegations against Acting Mayor Todd Gloria, City Attorney Jan Goldsmith, Police Officer Dodd, or Police Sergeants Benavides and Casillas.  Therefore, the Complaint against Defendants

Gloria, Goldsmith, Dodd, Benavides, and Casillas is **DISMISSED WITHOUT PREJUDICE** for failure to state a cause of action.

Furthermore, since the City of San Diego did not set up its Police Department as a separate legal entity, the Plaintiff may not sue the San Diego Police Department. *See McKee v. L.A. Interagency Metro. Police Apprehension Crime Task Force*, 134 Cal. App. 4th 354, 359 (2005) (holding that in the absence of an agreement to create a legally separate entity, plaintiff may not sue a municipal department, including a police department). Hence, Defendant San Diego Police Department is **DISMISSED WITH PREJUDICE**.

### A.     Counts One and Two

Plaintiff's first and second causes of action for events that occurred on June 6 and September 17, 2007, are time barred. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) ("In determining the proper statute of limitations for actions brought under 42 U.S.C. §1983, we look to the statute of limitations for personal injury actions in the forum state."); Cal. Civ. Proc. § 335.1 (requiring an action for personal injury in California to be brought within two years). Plaintiff filed this Complaint on July 24, 2015, almost eight years after the events occurred in Counts One and Two. (ECF No. 1.) Therefore, the first and second causes of action are **DISMISSED WITH PREJUDICE**. Since the only allegations against Defendants Pagan, Hunter, Durina, Vile, Hudgins, Nislett, Hastings, Novac, Sanders, Lansdowne, and Aguirre are in these time-barred causes of action, the Complaint is **DISMISSED** against these Defendants.[2]

//

//

---

[2] Additionally, it appears these causes of action were already litigated in *Popescu v. City of San Diego*, No. 3:06-cv-01577-WMC (S.D. Cal.), and *Popescu v. City of San Diego*, No. 3:10-cv-00220-BEN-AJB (S.D. Cal.). However, since the causes of action are filed past the statute of limitations, the Court need not explore the issues of res judicata or collateral estoppel further.

### B. Count Three

In Count Three, Popescu alleges that Officers Lynch and Biggler refused to protect him by arresting John Kennedy who had just assaulted him. (Complaint ¶¶ 57–59.) Popescu claims, as a result "Defendants" subjected Popescu "to more abuse and mistreatment by John Kennedy and his family." (Complaint ¶ 60.)

The California Tort Claims Act, California Government Code Sections 810 et seq., provides immunity for public employees in various situations. California Government Code Section 846 provides, "Neither a public entity nor a public employee is liable for injury caused by the failure to make an arrest or by the failure to retain an arrested person in custody." Similar immunities are provided for a public employee causing injury: (1) "resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused," Cal. Gov't Code § 820.2; "by failing to enforce any law," *id.* § 818.2; and "by his . . . failure to enforce an enactment," *id.* § 821.

To the extent Popescu simply alleges inaction on the part of the officers, their actions are immunized by these California Government Code sections. *See, e.g.*, *Michenfelder v. City of Torrance*, 28 Cal. App. 3d 202, 207 (1972) (holding an officer's decision to make an arrest is vested in his discretion and thus is not actionable); *Lum v. Cnty. of San Joaquin*, 756 F. Supp. 2d 1243, 1256 (E.D. Cal. 2010) ("The purpose of the statute is to prevent police from over-using their arrest power merely to avoid civil liability that results from failure to arrest and detain."). Hence, Popescu's third cause of action for "refusal to arrest criminal" is **DISMISSED**.

### C. Count Four

In Count Four Popescu alleges that Officers Fish and Keefe and Sergeant Barnes illegally arrested him and searched his residence without a warrant or probable cause. (Complaint ¶¶ 19, 64.) Although Defendants argue the face of the

Complaint shows the Officers' conduct was reasonable and thus they are entitled to qualified immunity, this is an issue better suited for summary judgment. The Court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d at 337–38.

Although Popescu admits being subject to a permanent restraining order, he alleges that he had a friend, Marvin Smith, serve an appeal of the restraining order, and this was the only contact he had with the victim Ms. Fleming. (Complaint ¶¶ 19, 64.) Popescu alleges the officers looked at various documents, interviewed various witnesses, including Marvin Smith, and nonetheless arrested him without probable cause for a violation of the restraining order. (*Id.*) He claims the City elected not to prosecute him for the alleged violation. (*Id.*) Finally, he alleges the three Officers illegally searched his residence without a warrant. (*Id.*) Although the facts may support defense counsel's arguments at a summary judgment motion, at this point in the proceedings, Popescu has alleged sufficient facts to state a cause of action for illegal arrest and search. Hence, the Motion to Dismiss Count Four is **DENIED.**

### D. Count Five

In Count Five, Popescu alleges his civil rights were violated, when a friend of his was stopped and questioned about him. (Complaint ¶ 76.) At a minimum, in order to establish standing to sue, Plaintiff must allege an injury against him that is "concrete or particularized" and not "conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff also must allege a causal connection between the injury and the conduct complained of. *Id.*

Count Five has insufficient allegations of standing. Popescu fails to allege how the stop of his friend was a "concrete or particularized" injury to him. Popescu has even failed to allege that his friend was unwillingly or unlawfully detained. At this point, the Complaint merely alleges that a friend of his was questioned about

him, and this caused him "severe mental stress." Even construing all allegations in his favor, the allegations are insufficient and therefore will be **DISMISSED.**

### E. Count Six

In Count Six, Popescu alleges that he was stopped for making an illegal right turn. (Complaint ¶ 78.) Although he makes a passing reference to officers with their hands on their guns, ultimately, he concedes he was not arrested and was merely ticketed for the offense. (*Id.*)

In order to allege a constitutional violation under section 1983, Plaintiff must allege that officers deprived him of a constitutional right. 42 U.S.C. § 1983; *Ketchum v. Alameda Co.*, 811 F.2d 1243, 1245 (9th Cir. 1987). Plaintiff seems to allege that the officers' conduct in some way violated his constitutional rights because he was afraid they might shoot him. However, the facts he alleges: (i) that the officers "had their hands near to the guns and they were ready to draw their guns and shoot Plaintiff," and (ii) "that they stood there until the female officer returned, about five minutes later, and gave the Plaintiff his papers, and ticket for an illegal turn," (Complaint ¶ 79), do not allege any constitutional violation. There is no constitutional right not to receive a traffic ticket. Although Plaintiff "expected to be shot" and is "firmly convinced" that he might have been shot "execution style," (*id.*), he does not allege that any of his worries came to pass.

Because Count Six fails to allege a violation of 42 U.S.C. § 1983, this Count is also **DISMISSED.**

### V. CONCLUSION

Defendants' Motion to Dismiss (ECF No. 5) is **GRANTED IN PART AND DENIED IN PART**. With respect to Counts One, Two, Three, Five, and Six, the Motion to Dismiss is **GRANTED**. Counts One and Two are **DISMISSED WITH PREJUDICE,** as are Defendants Pagan, Hunter, Durina, Vile, Hudgins, Nislett,

1  Hastings, Novac, Sanders, Lansdowne, and Aguirre because they are outside the
2  statute of limitations.  Similarly, Counts Three and Five are also **DISMISSED**
3  **WITH PREJUDICE**, along with Defendants Lynch and Biggler, for failure to state
4  a cause of action.  The Court finds "allegation of other facts consistent with the
5  challenged pleading could not possibly cure the deficiency" in these causes of action.
6  *Schreiber*, 806 F.2d at 1401.  Likewise, Defendant San Diego Police Department is
7  **DISMISSED WITH PREJUDICE.**
8  　　Count Six is **DISMISSED WITHOUT PREJUDICE**.  If Plaintiff chooses to
9  amend this cause of action only, he must do so no later than **May 17, 2016**.  Similarly,
10 Defendants Gloria, Goldsmith, Todd, Saenz, Benavidez, and Casillas are
11 **DISMISSED WITHOUT PREJUDICE** from the Complaint.  Finally, with respect
12 to Count Four and the allegations against Fish, Keefe, Barnes, and the City of San
13 Diego, the Motion to Dismiss is **DENIED.**
14 　　**IT IS SO ORDERED.**
15
16 **DATED:  April 26, 2016**

　　　　　　　　　　　　　　　　　　Hon. Cynthia Bashant
　　　　　　　　　　　　　　　　　　United States District Judge