UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Virgil Popescu,<br><br>                              Plaintiff,<br><br>v.<br><br>City of San Diego, et al.,<br><br>                              Defendants. | Case No.: 15-cv-01657-BAS-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ASA KEEFE'S MOTION TO COMPEL, DEEM FACTS ADMITTED AND REQUEST FOR MONETARY SANCTIONS AND ATTORNEY'S FEES**<br>**[ECF No. 30]** |

      The Court held a telephonic Discovery Conference on November 8, 2016 to provide "the Court's assistance with respect to both a deposition notice and written discovery served on Plaintiff." (ECF Nos. 23, 27.) Having determined the meet and confer process was complete, the Court issued a briefing schedule that included motion to compel filing deadlines concerning document requests, interrogatories, and requests for admission Defendant previously served on Plaintiff. (ECF No. 27.) Defendant filed his motion on November 16, 2016. (ECF No. 30.) On November 28, 2016, Plaintiff filed his opposition. (ECF No. 35.) On November 30, 2016, Defendant filed his reply. (ECF No. 36.)

      Defendant's motion requests an order compelling Plaintiff to respond to the interrogatories and requests for production of documents without objection, deeming the requests for admission admitted, and directing Plaintiff to pay monetary sanction and attorney's fees. (ECF No. 30.) Plaintiff opposes Defendant's motion, objecting en masse that the written discovery is irrelevant.[1] (ECF No. 35.) However, on December 12, 2016

---

[1] In addition to objecting to the written discovery, Plaintiff also raises in his opposition a new and untimely objection that his "poor health" prevented him from sitting for his deposition. (ECF No. 35.) A few weeks

1

at 11:26 a.m., the Court received a joint voicemail message from Plaintiff and Defendant's counsel. With Defendant's counsel on the line, Plaintiff represented in pertinent part that he "notified Mr. Phillips that I agree to a videotaped deposition" and that he [Plaintiff] "decided also that I am going to cooperate. I am going to answer to his interrogatories the way they were written, and I am going to produce the documents the way they were requested." Plaintiff made no representations as to when he would provide the aforementioned discovery to Defendant. Plaintiff made no representations specific to Defendant's requests for admission or for monetary sanction and attorney's fees.

## **LEGAL STANDARDS**

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing the parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

With respect to interrogatories, Rule 33 authorizes a party to serve interrogatories that "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Rule 37 provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

---

earlier, the only objection Plaintiff raised orally with the Court was that his safety would be compromised if Defendants possessed a video recording of his deposition. (*See* ECF Nos. 27, 32, 33.) As of November 21, 2016, Plaintiff had not filed any objection to his deposition, and on that date the Court ordered Plaintiff to sit for his videotaped deposition as noticed on November 29, 2016. (ECF No. 33.) As a result, Plaintiff's untimely objection to his deposition is not before this Court. (*See also* ECF No. 34 ("order regarding motion entered on 11/21/16").) Further, the Court concludes that Plaintiff's new and untimely objection does not warrant reconsideration of this Court's November 21, 2016 order as there is no verifiable medical evidence providing specifics concerning Plaintiff's health and the Court is not persuaded that his failure to timely raise this new objection was due to circumstances beyond his control. Finally, as set forth herein, Plaintiff represented to the Court in a voicemail left on December 12, 2016 that he withdraws his objection to participating in his own videotaped deposition.

2

With respect to requests for the production of documents, Rule 34 authorizes a party to serve requests for production "within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a). The party to whom the requests are directed "must respond in writing," "must . . . state with specificity the grounds for objecting to the request," and "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2).

Where a party fails to answer an interrogatory or document request propounded pursuant to Rules 33 and 34, the party seeking discovery may move for compelled disclosure. Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). The party seeking to compel discovery has the burden of showing that the discovery sought is relevant. *Aros v. Fansler*, 548 Fed. App'x. 500, 501 (9th Cir. 2013) (citing *Hallett v. Morgan*, 296 F.3d 732, 71 (9th Cir. 2002)); *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, No. 09cv03529, 2012 WL 5519199, at *3 (N.D. Cal. Nov. 14, 2012). The opposing party is "required to carry a heavy burden of showing why discovery was denied." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *McEwan v. OSP Grp., L.P.*, No. 14cv2823-BEN (WVG), 2016 WL 1241530, at *4 (S.D. Cal. Mar. 30, 2016) (same).

With respect to requests for admission, Rule 36 authorizes a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1). Rule 36 provides that if a matter is not admitted, the responding party's answer "must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). Rule 36 further provides that "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* If the court finds that

"an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

## ANALYSIS

Having carefully reviewed Defendant's motion and reply, Plaintiff's opposition, as well as each of the interrogatories, requests for production of documents, and requests for admission separately, the Court concludes pursuant to Federal Rule of Civil Procedure 26(b) that each discovery request is relevant and proportional to the needs of this case. Defendant explains in his motion papers the relevance of each request to the claims, damages, and defenses at issue in this case. Plaintiff, on the other hand, argues generally that the requests are irrelevant and that "the Court can read them and see the truth of the matter." (ECF No. 35.) Plaintiff has not met his burden to resist providing Defendant with the requested discovery.[2] Thus, the Court OVERRULES Plaintiff's relevance objection.

Therefore, **the Court GRANTS Defendant's motion to the extent that IT IS HEREBY ORDERED that, on or before <u>December 28, 2016</u>, Plaintiff shall provide Defendant with**:

 **(1)** Plaintiff's written answer without objection to each of the fourteen interrogatories set forth in the "Special Interrogatories to Plaintiff; Set One." (*See* ECF No. 30-5 at 2-6.) Each interrogatory must comply with Rule 33 and be answered separately and fully in writing under oath;

 **(2)** Plaintiff's written response without objection to each of the ten requests for production set forth in the "Requests for Production of Documents to Plaintiff; Set One." (*See* ECF No. 30-3 at 2-6.) Plaintiff's responses must comply with Rule 34 and identify, with specificity, which responsive documents Plaintiff has or has had in his possession, custody, and control;

 **(3)** All documents in Plaintiff's possession, custody, or control that are responsive to the "Requests for Production of Documents to Plaintiff; Set One."

---

[2] Further, as set forth above, Plaintiff agreed on December 12, 2016, to respond to the interrogatories and requests for production of documents at issue.

(*Id.*)  Plaintiff's document production must comply with Rule 34, including subpart (b)(2)(E) concerning the organization of the document production; **and**

**(4)** Plaintiff's written answers to each of the eleven requests for admission set forth in the "Requests for Admissions to Plaintiff: Set One." (*See* ECF No. 30-4 at 2-4.)  Plaintiff's answers must comply with Rule 36.  The Court cautions Plaintiff that failure to provide answers that comply with Rule 36 shall constitute sufficient grounds for an order deeming the matter(s) admitted.  *See* Fed. R. Civ. P. 36(a)(6).

**IT IS FURTHER ORDERED THAT**, in light of Plaintiff's admitted lack of cooperation in discovery,[3] Defendant's request for attorneys' fees and costs incurred by Defendant in connection with this motion (ECF No. 30) is **GRANTED** under Federal Rule of Civil Procedure 37.  No later than **February 17, 2017**, Plaintiff shall reimburse Defendant for his reasonable fees and costs incurred in researching, drafting, and finalizing the Defendant's motion to compel.  Accordingly, no later than **December 30, 2016**, Defendant shall provide Plaintiff a detailed fee and cost invoice(s) supporting the amount of reasonable attorneys' fees and costs incurred by Defendant in connection with this motion.  The parties shall promptly and thoroughly, and by no later than **January 13, 2017**, meet and confer over any disputed fees and costs incurred by Defendant in connection with this motion.  If the parties are unable to resolve their dispute(s) through the meet and confer process, then Defendant is granted leave to file, on or before **January 20, 2017**, an ex parte motion supported by sufficient evidence in support of the amount of reasonable fees and costs owed by Plaintiff to Defendant in connection with this motion.[4]  The deadline for Plaintiff to file an opposition to Defendant's motion for fees and costs, if any, shall be **January 30, 2017**.

---

[3] (*See, e.g.*, ECF No. 35 at 6 ("I received from Keith Phillips, a Set of Interrogatories, a Request for Admission a Request for Production of Documents, and a Notice of Videotaped Deposition. . . . They are irrelevant to the subject matter of this lawsuit, and I just ignored them.").)

[4] Defendant has not yet presented the Court with sufficient evidence to enable the Court to consider all the factors necessary in setting reasonable fees under both Fed. R. Civ. P. 37 and pertinent case law.  *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110-11 (9th Cir. 2014).

Finally, the Court **DENIES** Defendant's motion to the extent it requests additional sanctions and relief beyond what is ordered herein.  However, the Court **CAUTIONS** that future failure by Plaintiff to comply with discovery obligations and orders may warrant, in addition to the consequences addressed above, entry of dispositive sanctions.  Accordingly, the Court hereby **GIVES NOTICE** to Plaintiff that further failure to comply with discovery orders or to meaningfully participate in discovery, even absent an order to compel, may result in the dismissal of Plaintiff's claims pursuant to Rule 37(b) and/or the Civil Local Rules of this district court.

**IT IS SO ORDERED**.

Dated:  December 12, 2016

*/s/ Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge