UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Virgil Popescu,<br>                             Plaintiff,<br>v.<br>City of San Diego, et al.,<br>                             Defendants. | Case No.: 15-cv-01657-BAS-JLB<br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' EX PARTE MOTION FOR ATTORNEY'S FEES**<br><br>**[ECF No. 50]** |

Before the Court is Defendants' motion seeking attorney's fees and costs incurred in connection with their successful motion to compel. (ECF Nos. 30, 50.) The motion is unopposed as pro se Plaintiff Virgil Popescu failed to file an opposition to the motion.

**I.   BACKGROUND**

On August 18, 2016, this Court issued an order setting this case for an Early Neutral Evaluation Conference and a Case Management Conference. (ECF No. 18.) The order set forth mandatory directions for the parties, including that the parties were required to submit settlement statements and a joint discovery plan to the Court. (*Id*. at ¶¶4, 7.) Pro se Plaintiff Virgil Popescu failed to both submit a settlement statement and participate in the discovery plan that was filed on behalf of Defendants only. (*See* ECF No. 20.) Thus, on September 6, 2016 and as a prelude to the Early Neutral Evaluation Conference, Magistrate Judge Jill L. Burkhardt admonished Plaintiff that moving forward he would need to follow court orders regardless of his view on the value of what was being ordered.

Later on September 6, 2016 after the conclusion of the Early Neutral Evaluation Conference, this Court held an in-person Case Management Conference with Plaintiff and counsel for Defendants present. (ECF No. 21.) During the Case Management Conference, Magistrate Judge Jill L. Burkhardt communicated to the parties that a scheduling order

would issue setting December 16, 2016 as the deadline for all parties to complete all fact discovery. Judge Burkhardt further explained the timing and procedural requirements for addressing discovery disputes between the parties under her chambers rules. Plaintiff communicated to the Court that he has a legal background as a lawyer in Romania. Further, the Court provided Plaintiff with a courtesy paper copy of both the Standing Order for Civil Cases for the Honorable Cynthia Bashant (*see* ECF No. 22 at ¶1) and the Civil Chambers Rules for Magistrate Judge Jill L. Burkhardt.

The scheduling order for this case issued on September 7, 2016, setting December 16, 2016 as the deadline for all parties to complete all fact discovery. (ECF No. 22.) The scheduling order also instructed that, "**Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a)**. . . . If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue.**" (*Id.* at ¶5 (emphasis in original).)

On November 1, 2016, and in compliance with the procedures outlined in Judge Burkhardt's chambers rules, the parties sought Judge Burkhardt's assistance with discovery disputes over both a deposition notice and written discovery served on Plaintiff. (ECF No. 23.) On November 8, 2016, the Court held a telephonic Discovery Conference to address these disputes. (*Id.*; ECF No. 27.)

With respect to the deposition notice, Plaintiff's only objection was that he believed his safety would be compromised if Defendants videotaped his deposition. (ECF No. 33.) Plaintiff affirmatively represented that he did not have any issues to raise with the Court with respect to the location, date, and time for his deposition. Because Plaintiff had never provided Defendants with any written response to his deposition notice, the Court advised Plaintiff that he was to file any objections he had to the deposition being videotaped by

November 14, 2016 at 4:00 p.m.[1]  The Court concluded the Discovery Conference by directing the parties that they were to proceed with the deposition as noticed and the Court would be issuing an order as to whether or not the deposition would be videotaped. (ECF No. 27, 33.)

An order issued providing the parties with a briefing schedule, including deadlines for the parties to brief Plaintiff's objection to having his deposition videotaped. (*Id.*) Plaintiff did not comply with his court ordered deadline. (ECF No. 33 at 1.) On November 21, 2016, the Court issued the following order:

> Based on the record before the Court, Plaintiff's objection to sitting for a videotaped deposition is OVERRULED for several reasons: (1) Plaintiff failed to timely object in writing to Defendants concerning the notice of deposition; (2) Plaintiff failed to file an objection as ordered by this Court; (3) Defendants have met their burden to show good cause exists to video record Plaintiff's deposition; and (4) there is nothing in the record to suggest that Plaintiff has good cause for his objection.
>
> Accordingly, **PLAINTIFF VIRGIL POPESCU IS HEREBY ORDERED to sit for his <u>videotaped deposition</u> on <u>November 29, 2016</u> at U.S. Legal Support located at 1230 Columbia Street, Suite 400, San Diego, California, 92101 at <u>10:00 a.m.</u> and is FURTHER CAUTIONED that failure to comply with this order, including a failure to meaningfully participate in the November 29, 2016 deposition, shall constitute grounds for, and may result in, the imposition of TERMINATING AND MONETARY SANCTIONS.** *See Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998) ("Federal Rule of Civil Procedure 37(b)(2) gives a district judge discretion to 'make such orders . . . as are just' in regard to a party's failure to obey a discovery order, including dismissal"); *Virtual Vision, Inc. v. Praegitzer Indus., Inc.*, 124 F.3d 1140, 1143-45 (9th Cir. 1997) (affirming the entry of default judgment against noncompliant party where "there is record evidence that noncompliance was due to willfulness, bad faith, or fault").
>
> The Court further issues the following **PROTECTIVE ORDER**: IT IS HEREBY ORDERED that the video recording of Plaintiff's deposition shall

---

[1] The Court impressed upon Plaintiff that the Court would need to receive his papers by that deadline and that Plaintiff was responsible for making arrangements to come to the courthouse to file his papers in person by the deadline if necessary.

not be shared with the San Diego Police Department absent further court order.

(*Id*. at 2-3.) Plaintiff did not sit for his deposition as ordered by the Court.[2]

Turning to the parties' dispute over written discovery served on Plaintiff, this also was addressed at the Court's November 8, 2016 Discovery Conference. (ECF Nos. 23, 27.) At the Discovery Conference, Plaintiff orally objected that the discovery sought was irrelevant and harassing. Plaintiff also engaged in name-calling directed toward defense counsel and stated that if he were younger, he "would knock his [(defense counsel's)] head off." Judge Burkhardt admonished Plaintiff against the use of name-calling and threats. The order that issued following the Discovery Conference included deadlines both for Plaintiff to respond in writing to the discovery propounded on him and for the parties to brief whether an order should issue compelling Plaintiff to respond to document requests, interrogatories, and requests for admission. (ECF No. 27.) The parties complied with these deadlines. (ECF Nos. 30, 35, 36.)

On December 12, 2016 at 11:26 a.m., while Defendants' motion to compel (ECF No. 30) was pending, the Court received a joint voicemail message from Plaintiff and Defendants' counsel. With Defendants' counsel on the line, Plaintiff represented in pertinent part that he "notified Mr. Phillips that I agree to a videotaped deposition" and that he [Plaintiff] "decided also that I am going to cooperate. I am going to answer to his interrogatories the way they were written, and I am going to produce the documents the way they were requested." Plaintiff made no representations as to when he would provide the aforementioned discovery to Defendants. Plaintiff made no representations specific to Defendants' requests for admission or for monetary sanction and attorney's fees.

---

[2] There are references in the record to the possibility that Plaintiff's poor health prevented him from sitting for his deposition. (*See*, *e.g.*, ECF No 43 n.1.) There is no evidence before this Court on this issue. For example, as noted in this Court's December 12, 2016 Order, "[t]here is no verifiable medical evidence providing specifics concerning Plaintiff's health and the Court is not persuaded that his failure to timely raise this new objection [(about his "poor health")] was due to circumstances beyond his control." (*Id*.)

4

Following that voicemail message, and also on December 12, 2016, the Court issued an order compelling Plaintiff to provide Defendants with discovery on or before December 28, 2016 and granting Defendants' request for attorneys' fees and costs incurred in connection with their motion to compel. (ECF No. 43.) In its Order, the Court warned Plaintiff as follows: "the Court **CAUTIONS** that future failure by Plaintiff to comply with discovery obligations and orders may warrant, in addition to the consequences addressed above, entry of dispositive sanctions. Accordingly, the Court hereby **GIVES NOTICE** to Plaintiff that further failure to comply with discovery orders or to meaningfully participate in discovery, even absent an order to compel, may result in the dismissal of Plaintiff's claims pursuant to Rule 37(b) and/or the Civil Local Rules of this district court." (ECF No. 43 at 6.)

Also in its December 12, 2016 Order, the Court directed the parties to meet and confer regarding the amount of reasonable fees and costs that Plaintiff would pay to Defendants as a Federal Rule of Civil Procedure 37 sanction. The Court also issued a briefing schedule for the parties to seek the Court's determination of the amount of reasonable fees and costs Plaintiff owes to Defendants for their work in researching, drafting, and finalizing their successful motion to compel. (*Id.* at 5.)

On January 20, 2017, Defendants filed their motion seeking attorney's fees and costs incurred in connection with their successful motion to compel. (ECF No. 50.) The deadline for Plaintiff to file an opposition was January 30, 2017. (ECF No. 43 at 5.) No opposition was filed on January 30, 2017, or thereafter.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if the court grants a motion to compel discovery, it "must" order the non-moving party to pay the moving party's "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the Rule recognizes various exceptions, such as where the court finds the non-moving party's nondisclosure, response, or objection was substantially justified or "other circumstances make an award of expenses unjust." *Id.* A third exception

is where "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Fed. R. Civ. P. 37(a)(5)(A)(i).

"By the very nature of its language, sanctions imposed under Rule 37 must be left to the sound discretion of the trial judge." *O'Connell v. Fernandez–Pol*, 542 F. App'x. 546, 547-48 (9th Cir. 2013) (unpublished memorandum disposition) (citing *Craig v. Far West Eng'g Co.*, 265 F.2d 251, 260 (9th Cir. 1959)). "Overall, sanctions imposed under Rule 37 should deter the [disobedient party's] conduct, and remedy any prejudice it caused the [obedient party]." *S. Cal. Stroke Rehab. Assocs. v. Nautilus*, No. 09cv744 JLS (AJB), 2010 WL 2998839, at *2 (S.D. Cal. July 29, 2010) (citing *Pioneer Drive, LLC. v. Nissan Diesel America, Inc.*, 262 F.R.D. 552, 560 (D. Mont. 2009)).

## III. DISCUSSION

This Court already determined that Plaintiff must pay Defendants' reasonable expenses incurred by the City of San Diego in making its motion to compel responses to discovery requests, interrogatories, and requests for admission. (ECF No. 43.) The only issue remaining before the Court is the appropriate amount of expenses to award the City of San Diego with respect to its motion to compel.[3]

In its moving papers, the City of San Diego states that the total cost of bringing the relevant motion to compel is $6,050. (ECF Nos. 50, 50-1.) This number reflects 12.1 hours of Deputy City Attorney Keith Phillip's attorney time, billable at $500 per hour. (*Id.*) Having reviewed the detailed invoice submitted, the Court finds that only the following 6.7 hours of attorney time to be reasonably attributable to making the motion to compel for which an award of reasonable expenses was ordered:[4]

---

[3] This order does not address the appropriateness of sanctions for Plaintiff's failure to sit for his November 29, 2016 deposition, for violation of this Court's November 21, 2016 order (ECF No. 33), or for failure to comply with this Court's December 12, 2016 Order compelling discovery responses (ECF No. 43), as these matters are the subject of Defendants' pending Motion for Terminating Sanctions and/or Monetary Sanctions (ECF No. 51). Plaintiff's deadline to file a response to that motion is February 27, 2017.

[4] The Court removed entries that were not attributable to the motion to compel at issue. The Court also eliminated entries that appear to be time fairly attributable to meet and confer efforts. The Court's Local Rules require opposing counsel to meet and confer concerning all disputed issues prior to bringing any discovery motion before the Court. CivLR 26.1.a. As such, hours spent meeting and conferring generally

| | | |
|---|---|---|
| 11/14/2016 | Draft Notice of Motion and Motion to Compel, Deem Facts Admitted and Request for Monetary Sanctions and Attorney's Fees. | .2 |
| 11/14/2016 | Research authorities for motion to compel Interrogatories and Requests for Production of Documents for Motion to Compel. | .3 |
| 11/14/2016 | Research authorities for Motion to Deem Admissions admitted for Motion. | .2 |
| 11/14/2016 | Research authorities for Motion for Monetary Sanctions and Attorney's Fees for Motion to Compel. | .5 |
| 11/14/2016 | Review Chamber rules regarding Motions to Compel and Discovery Motions. | .1 |
| 11/14/2016 | Research authorities concerning Plaintiff's "Relevance" objection. | .4 |
| 11/14/2016 | Draft my declaration in support of the Defendants' Motion to Compel, Deem Facts Admitted and Request for Monetary Sanctions and Attorney's Fees. | .5 |
| 11/14/2016 | Draft the memorandum of points and authorities in support of Defendants' Motion to Compel, Deem Facts Admitted and Request for Monetary Sanctions and Attorney's Fees. | 2.9 |
| 11/30/2016 | Draft Reply to Plaintiff's Opposition to Motion to Compel, Deem facts admitted, for monetary sanction and attorney's fees. | .2 |
| 12/29/2016 | Draft declaration concerning calculation of Attorney's Fees. | 1.4 |

(*See* ECF No. 50-1 at 6-7.)

According to Defendants, a reasonable hourly rate for a lawyer with Mr. Phillips' skills and experience in San Diego would be over $500 per hour. While Mr. Phillips may reasonably charge $500 per hour in the private sector, he is a government attorney. *Compare Trevino v. Gates*, 99 F.3d 911, 925 (9th Cir. 1996) (agreeing with the Eleventh

---

should not be included in an attorneys' fees award. *See Matlink, Inc. v. Home Depot U.S.A., Inc.*, No. 07cv1994-DMS (BLM), 2008 WL 8504767, at *5 (S.D. Cal. Oct. 27, 2008). Because defense counsel would have incurred the fees associated with his meet and confer efforts regardless of their fruitfulness, the Court declines to award time fairly attributable to meet and confer efforts.

Circuit's ruling in *Brooks v. Georgia State Board of Elections*, 997 F.2d 857, 869-70 (11th Cir. 1993) that "the fee charged by a government attorney is simply irrelevant to the establishment of a reasonable hourly rate for a Plaintiff's civil rights lawyer"). Defendants have not met their burden to establish $500 per hour is reasonable hourly rate for Mr. Phillips as a government attorney.

More analogous here is the rate awarded to government attorneys under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. As of October 2016, the inflation-adjusted hourly rate for EAJA attorneys is $193.20. *United States v. Fuess*, 2016 WL 6124488, No. 15cv1148-BEN (RBB), *2 (S.D. Cal. Oct. 18, 2016). An award for 6.7 hours of attorney time at rate of $193.20 per hour equates to $1,294.44.

In determining the reasonableness of an attorney fee award pursuant to Rule 37, courts must consider whether circumstances exist that make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii). However, "the burden of showing substantial justification and special circumstances is on the party being sanctioned." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994). Plaintiff's opportunity to be heard on the reasonableness of Defendants' expenses was January 30, 2017, and he failed to file an opposition to the instant motion.

The circumstances before the Court include a record wherein the Court issued repeated warnings to Plaintiff that sanctions may issue for his noncompliance with court orders. Despite these repeated warnings, Plaintiff is seemingly unapologetic for his intentional failures to participate in discovery. Plaintiff is representing himself in pro per in this action, but here, Plaintiff has represented to this Court that he is a sophisticated litigant who has training as a lawyer in Romania.[5] Plaintiff is proceeding in forma pauperis

---

[5] In the context of the imposition of a monetary sanction pursuant to Federal Rule of Civil Procedure 11, the Ninth Circuit has held that pro se plaintiffs are not exempt from monetary sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir.1994) (noting that a contrary conclusion would effectively place all unrepresented parties beyond the reach of Rule 11). Similarly, the Ninth Circuit has held that 28 U.S.C. § 1927 sanctions may be imposed upon a pro se plaintiff. *See Wages v. I.R.S.*, 915 F.2d 1230, 1235-36 (9th Cir.1990).

in this case, yet he filed nothing in response to Defendants' motion seeking $6,050 in attorney's fees.[6]  Plaintiff has not met his burden to demonstrate that an award of fees would cause him financial hardship.

Nevertheless, in the interest of justice and taking into account the unique circumstances of this case, the Court will further reduce Defendants' requests for fees by an additional approximately 25%.  The Court will award fees for 5.2 hours of attorney time at the rate of $193.20 per hour, for a total fee award of $1,004.64.  The Court concludes that $1,004.64 is a reasonable award of attorney's fees under Rule 37.  As a result, the City of San Diego is awarded $1,004.64 in attorney's fees.

## IV. CONCLUSION

In sum, this Court already determined that Plaintiff must pay Defendants' reasonable expenses incurred by the City of San Diego in making its motion to compel responses to discovery requests, interrogatories, and requests for admission.  (ECF No. 43.)  The Court hereby concludes that the appropriate amount of expenses awarded the City of San Diego under the unique circumstances of this case under Rule 37 is $1,004.64.  **Plaintiff Virgil Popescu shall pay the City of San Diego $1,004.64 on or before March 27, 2017**.  Failure to timely pay shall constitute grounds for further sanctions, including terminating sanctions.

IT IS SO ORDERED.

Dated:  February 27, 2017

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[6] Accordingly, the Court gives little weight to Plaintiff's now stale declaration from 2015, filed without verifiable documentation, in support of his motion to proceed in forma pauperis.  (*See* ECF No. 2.)  There is nothing in the record to suggest that Plaintiff asserted an inability to pay in the context of his refusal to meet and confer with defense counsel on fees.  (ECF No. 50-1 at 8 (Phillips Decl.: "Mr. Popescu made it clear the lengths it would take to get a penny from him: 'I bet my life and I guarantee you 100% that you will not going to collect a penny from me. I wish you good luck.'").)  Moreover, "financial indigence by itself does not necessarily make an award of expenses unjust."  *Garity v. Donahoe*, No. 11cv01805, 2014 WL 1168913, at *5 (D. Nev. Mar. 21, 2014).